UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LINDA WEBB,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

    Defendant.

2:08-cv-1172-LDG-PAL

**ORDER**

Defendant has filed a motion to strike (#52, opposition #54, reply #55) Plaintiff's untimely Counter-Motion for Summary Adjudication That the Instant Action is Not Subject to ERISA (#50) and Opposition to Defendant's Motion for Summary Judgment Regarding ERISA Preemption (#49). This Court's previous order (#38) directed the parties to file dispositive motions by February 21, 2010. Defendant filed its motion for summary judgment (#39) by that date, but Plaintiff failed to file either her own cross-motion or an opposition to Defendant's motion, each respectively due by February 21 and March 15. Without a stipulation and without petitioning the Court for additional time, Plaintiff eventually filed both a cross-motion and opposition on July 28, 2010. Now, in response to Defendant's motion to strike these filings, Plaintiff urges this Court not to strike her untimely motions based upon the "excusable neglect" of her counsel.

A court may, based on good cause and a motion, retroactively extend the time for a particular action "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A determination of "excusable neglect" is "an equitable one, taking account of all

relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). Such relevant circumstances include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1996) (quoting *Pioneer*, 507 U.S. at 395). Although this Court is troubled by the length of Plaintiff's delay, this delay will have minimal impact on judicial proceedings, and Defendant has not suffered any reasonable prejudice by this delay. *See Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir 2009) ("Prejudice requires greater harm than simply that relief would delay resolution of the case."). Furthermore, although some aspects of Plaintiff's delay were within the reasonable control of Plaintiff's counsel, this Court is not persuaded that the circumstances of this delay exhibit bad faith. *See, e.g.*, *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) ("He showed a lack of regard for his client's interests and the court's docket. But there is no evidence that he acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness."). Therefore, in consideration of the *Pioneer-Briones* factors, and for good cause based upon the equities of this case, Plaintiff's delay resulted from the "excusable neglect" of her counsel. Accordingly,

THE COURT HEREBY ORDERS that Defendant's motion to strike (#52) is DENIED. Accordingly, Defendant's opposition to Plaintiff's cross-motion, if any, shall proceed as provided under the Federal Rules and as calculated from the date of this order.

THE COURT FURTHER ORDERS that Defendant's motion for summary judgment (#39) is DENIED without prejudice in the interest of considering the parties' cross-motions contemporaneously. This Court will reinstate Defendant's motion (#39) sua sponte following the completion of briefing on Plaintiff's cross-motion (#50), and Defendant shall have leave to file a reply in support of its own motion within fourteen (14) days of that time.

1  DATED this __10__ day of September, 2010.

_____
Lloyd D. George
United States District Judge

3